# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KIM DALE,

      *Plaintiff,*

vs.

BEECHCRAFT [sic],

      *Defendant.*

Case No. 13-2354-EFM-DJW

## MEMORANDUM AND ORDER

In this case, pro se Plaintiff Kim Dale alleges that she was wrongfully terminated from her employment at Hawker Beechcraft Corporation ("HBC"). Before the Court is Defendant Beechcraft Corporation's Motion for Summary Judgment (Doc. 8) and Plaintiff's Motion for Leave to File Surreply (Doc. 13). Defendant contends that Plaintiff's claim should be dismissed because it arose prior to HBC's bankruptcy petition and was discharged in HBC's bankruptcy proceedings. For the following reasons, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Leave to File Surreply.

# I. Factual and Procedural Background[1]

*Local Rules for Summary Judgment*

The required rules for summary judgment motions in the District of Kansas are set forth in D. Kan. Rule 56.1. Under that rule, "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[2] D. Kan. Rule. 56.1(b) addresses a party's responsibility in opposing a motion for summary judgment.

> (1) A memorandum in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.
>
> (2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

Plaintiff is pro se, and the Court must afford her some leniency in her filings.[3] A pro se litigant, however, is still expected to "follow the same rules of procedure that govern other litigants."[4] In this case, Plaintiff failed to controvert any of Defendant's facts. She also failed to appropriately set forth her additional facts or provide any support for her factual assertions. Nonetheless, the

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

[2] D. Kan. Rule 56.1(a).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[4] *Id.*

Court recognizes that Plaintiff is pro se and attempts to construe Plaintiff's briefing generously in her favor.

*Facts*

### A. Plaintiff's Employment at HBC

Plaintiff was previously employed at Hawker Beechcraft Corporation. HBC terminated Plaintiff's employment on October 14, 2011, for violation of HBC's Rule of Conduct 49 – Insubordination or refusal to obey orders of Foreman or other supervision. Shortly after her termination, on November 15, 2011, Plaintiff filed a complaint with the Kansas Human Rights Commission ("KHRC") and Equal Employment Opportunity Commission ("EEOC") alleging that she had been subjected to disparate treatment and then terminated due to her race, gender, and age.

### B. HBC's Bankruptcy

On May 3, 2012, HBC and related entities filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). On July 30, 2012, HBC's bankruptcy noticing agent mailed, via first class mail, notice of the bankruptcy proceedings to Plaintiff, sending her a copy of (1) HBC's Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan"), (2) the Disclosure Statement for Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"), (3) the Notice of Deadline Requiring Proofs of Claim on or Before September 14, 2012, and Related Procedures for Filing Proofs of Claim in the Above-Captioned Chapter 11 Cases (the "Bar Date Notice"), and (4) the Proof of Claim form. Plaintiff responded by filing two proofs of claim. Plaintiff's first proof of claim relates to an employment discrimination

claim that Plaintiff previously filed against Defendant in this District.[5] Plaintiff's second proof of claim is based on a workers compensation claim and is for an unspecified amount.

HBC filed an amended Plan October 29, 2012. The amended Plan provides, at Article III, Section B. 10, that claims such as that held by Plaintiff are general unsecured claims. It also classifies Plaintiff's claim as the type included in Class 9B. The amended Plan also provides that

> all entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan . . . are permanently enjoined and precluded, from and after [February 1, 2013], from commencing or continuing in any manner any action or proceeding . . . that have been compromised or settled against the Debtors.[6]

On February 1, 2013, the Bankruptcy Court entered an order confirming that the amended Plan satisfied the requirements of the Bankruptcy Code and Bankruptcy Rules. The Confirmation Order entered by the court provides:

> Pursuant to Article IX.A the Plan, except as provided in the Plan or this Confirmation Order, the rights afforded in and the payments and distributions to be made under the Plan shall discharge the Debtors as of the date of this Confirmation Order from all existing debts and Claims and terminate any and all Interests of any kind, nature, or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code.[7]

HBC exited bankruptcy on February 15, 2013. Effective March 1, 2013, the reorganized debtor's name was changed to Beechcraft Corporation.

---

[5] On February 9, 2011, while Plaintiff was still an HBC employee, Plaintiff filed an employment discrimination suit against HBC captioned, *Kim Dale v. Hawker Beechcraft*, Case No. 11-1036-CM-KMH. This case was dismissed on April 27, 2012. Plaintiff appealed the dismissal to the Tenth Circuit on May 17, 2012, two weeks after HBC filed Chapter 11 bankruptcy. The Tenth Circuit later found that Plaintiff's claims were discharged by the bankruptcy. *See* Order (Doc. 59), No. 12-3140, *Dale v. Hawker Beechcraft Corp*.

[6] Debtors' Amended Joint Plan, Doc. 8-10, p. 52.

[7] Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Amended Joint Plan of Reorganization, Doc. 8-9, pp. 35-36.

Plaintiff filed this lawsuit on July 17, 2013, claiming that she was wrongfully terminated. Defendant now moves for summary judgment on Plaintiff's claim.

## II.     Analysis

### A.    Plaintiff's Motion for Leave to File Surreply (Doc. 13)

Plaintiff seeks leave to file a surreply to Defendant's reply brief. The local rules of this Court contemplate only the filing of responses and replies to motions. They do not contemplate the filing of surreplies.[8] Surreplies are disfavored and will only be permitted in exceptional circumstances, such as when new material is raised for the first time in the movant's reply.[9] Plaintiff has not pointed to any new material raised in Defendant's reply brief or any other exceptional circumstance that would justify a surreply. Accordingly, Plaintiff's Motion for Surreply is denied.

### B.    Defendant's Motion for Summary Judgment (Doc. 8)

#### 1.    Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[10] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[11] The movant bears the initial burden of proof, and must show the lack of evidence on an essential

---

[8] *See* D. Kan. Rule 7.1(c).

[9] *See Locke v. Grady Cnty.*, 437 F. App'x 626, 633 (10th Cir. 2011); *Drake v. Cox Commc'ns, Inc.*, 2011WL 2680688, at *5 (D. Kan. July 7, 2011).

[10] Fed. R. Civ. P. 56(c).

[11] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

element of the claim.[12] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[13] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[14] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[15]

### 2. Plaintiff's Claim Was Discharged in HBC's Bankruptcy Proceedings.

Defendant contends that summary judgment is appropriate because Plaintiff's claim was discharged in HBC's bankruptcy and because she is enjoined under the amended Plan from further litigating her claim. Under the Bankruptcy Code, the confirmation of a plan under Chapter 11 "discharges the debtor from any debt that arose before the date of such confirmation."[16] However, "a creditor's claim is not subject to a confirmed bankruptcy plan when the creditor is denied due process because of inadequate notice."[17] The Tenth Circuit has held that in the case of a "known" creditor, the debtor must provide formal notice of the bankruptcy proceedings for a creditor's claim to be discharged.[18] For example, in *In re Unioil*,[19] the Tenth Circuit found that a pre-petition claim was not discharged, regardless of the fact that

---

[12] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[13] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[14] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[15] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[16] 11 U.S.C. § 1141(d).

[17] *In re Barton Indus., Inc.*, 104 F.3d 1241, 1245 (10th Cir. 1997) (quotation omitted).

[18] *Jaurdon v. Cricket Commcn's, Inc.*, 412 F.3d 1156, 1158 (10th Cir. 2005); *In re Unioil*, 948 F.2d 678, 683 (10th Cir. 1991).

[19] 948 F.2d 678 (10th Cir. 1991).

the creditor had actual knowledge of the bankruptcy, because the creditor was not given formal notice of the bar date or confirmation hearing.[20] A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor."[21]

Here, Plaintiff is a "known" creditor who received adequate notice of the proceedings. Plaintiff is a "known" creditor because she filed a complaint regarding her termination with the KHRC and EEOC before HBC filed bankruptcy. Plaintiff received adequate notice because HBC's bankruptcy notice agent sent Plaintiff, via first class mail, a copy of the Plan, the Disclosure Statement, the Bar Date Notice, and the Proof of Claim form. Plaintiff even filed two proofs of claim for claims unrelated to this case. Plaintiff's claim arose in October 2011, which was well before the February 1, 2013, confirmation of HBC's amended Plan. Therefore, the Court finds that confirmation of HBC's amended Plan discharged Plaintiff's wrongful termination claim by operation of law.[22]

Moreover, the provisions of the amended Plan prohibit Plaintiff from pursuing her claim. Under § 1141(a) of the Bankruptcy Code, the provisions of a confirmed plan bind a debtor and its creditors.[23] The amended Plan states that Plaintiff's claim is a general unsecured claim and classifies it as the type included in Class 9B. The amended Plan further states that

> all entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan . . . are permanently enjoined and precluded, from and after [February 1, 2013], from commencing or continuing in any manner any action or

---

[20] *Id.* at 683.

[21] *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988).

[22] *See* 11 U.S.C. § 1141(d)(1)(A).

[23] 11 U.S.C. § 1141(a).

other proceeding . . . that have been compromised or settled against the Debtors . . . .[24]

Based on this language, Plaintiff is enjoined from further litigating her wrongful termination claim.

In response to Defendant's motion, Plaintiff asserts that her wrongful termination claim is an exception to discharge. Plaintiff generally argues that debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated are not discharged in bankruptcy. Plaintiff appears to be referring to 11 U.S.C. § 523, which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft, if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance; . . . .[25]

This exception is inapplicable in this case. Plaintiff's claim against Defendant arises from her termination. There is no evidence to suggest that Defendant injured Plaintiff while Defendant operated a motor vehicle, vessel, or aircraft. "The burden of proof of establishing the nondischargeability of a claim lies with the creditor."[26] Plaintiff has failed to meet this burden. Accordingly, Plaintiff's claim was discharged in HBC's bankruptcy proceedings, and Plaintiff is enjoined from continuing to pursue her claim. The Court therefore grants Defendant's Motion for Summary Judgment.

---

[24] Debtors' Amended Joint Plan, Doc. 8-10, p. 52.

[25] 11 U.S.C. § 523(a)(9).

[26] *Thomas v. Turner*, 54 F.3d 788, 788 (10th Cir. 1995) (internal citations omitted).

**IT IS ACCORDINGLY ORDERED** this 5th day of March, 2014, that Defendant's Motion for Summary Judgment (Doc. 8) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply (Doc. 13) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE